IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID STOKES,** | : CIVIL ACTION NO. 1:21-CV-495 |
| **Plaintiff** | : |
| | : (Judge Conner) |
| v. | : |
| **SGT. REIHART,** | : |
| **Defendant** | : |

## **MEMORANDUM**

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff David Stokes, a prisoner in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), alleges that defendant Sgt. Reihart impermissibly entered his cell and took several items of his personal property. The case is presently before the court on plaintiff's motion to compel discovery and the parties' cross motions for summary judgment. We will grant the motion to compel discovery in part and deny it in part and we will deny the motions for summary judgment without prejudice pending defendant's production of the relevant discovery materials.

**I.     Factual Background & Procedural History**

Stokes initiated this case through the filing of a complaint on March 19, 2021. (Doc. 1). The complaint alleges that on September 5, 2020, defendant Reihart entered Stokes's cell while he and his cellmate were absent and took several items of personal property that belonged to Stokes. (Id. at 3). The complaint names Reihart as a defendant along with several supervisory defendants and seeks monetary and injunctive relief. (Id. at 3-4).

On April 12, 2021, United States District Judge Yvette Kane dismissed all defendants other than Reihart for Stokes's failure to allege their personal involvement and directed that Reihart be served with process. (Doc. 10). Reihart answered the complaint on May 28, 2021. (Doc. 15).

On January 12, 2022, Stokes filed a "reply to defendant's response to plaintiff's request for production of documents." (Doc. 21). Judge Kane liberally construed this filing as a motion to compel discovery and ordered Reihart to file a response to the motion on or before January 13, 2022. (Doc. 23). Reihart did not file a response by that deadline and has not done so to date. The case was reassigned to the undersigned by verbal order on February 14, 2022. Both parties have since moved for summary judgment. (Docs. 25, 27).

On the same day that Stokes filed his complaint in the instant case, his cellmate, William L. Breeden, also filed a complaint against Reihart and several supervisory defendants based on Reihart's allegedly impermissible entrance into his cell and confiscation of personal property. See Breeden v. Reihart, No. 1:21-CV-496 (M.D. Pa. filed March 19, 2021). That case is assigned to the undersigned and has proceeded on a path largely parallel to this one, as all defendants other than Defendant Reihart have been dismissed from the case for lack of personal involvement, plaintiff has sought to compel discovery responses from defendants, and the parties have filed cross motions for summary judgment.

We addressed Breeden's motion to compel discovery in a memorandum and order on February 17, 2022. See Breeden v. Reihart, No. 1:21-CV-496, 2022 WL 493684. In the motion, Breeden sought to compel production of (1) copies of any

incident reports dated September 5, 2020 issued by Reihart; (2) copies of reports filed on September 5, 2020 by Reihart; (3) any filing of confiscated items receipts by Reihart; (4) any witness statements or information pertaining to the events involving Breeden on September 5, 2020; and (5) any and all grievance complaints filed against Reihart for unlawful entry of inmates' cells from January 2016 to the present. Id. at *2. Reihart responded that she was not aware of any documents that were responsive to the first four requests, but objected that the fifth request was overly broad, unduly burdensome, not relevant to the case, not proportional to the needs of the case, and improper because inmates were not permitted access to records pertaining to other inmates. Id.

We granted Breeden's motion to compel discovery in part and denied it in part. Id. at *2-3. We credited Reihart's representation that no responsive documents existed with respect to the first four discovery requests and accordingly denied the motion with respect to those requests. Id. at *2. We found, however, that Breeden was entitled to partial discovery with respect to his fifth request because Reihart did not provide "any factual or legal support" for her objections and therefore did not provide a sufficient basis for withholding the requested discovery. Id. at *3. We compelled Reihart to provide copies to Breeden of grievance complaints for the years 2017 through 2020, finding that the requested discovery for a period of over six years would be disproportionate to the needs of the case and overly broad. Id. Stokes's instant motion to compel discovery seeks largely the same discovery as was sought by Breeden. (See Doc. 21). We consider Stokes's motion to compel below.

3

## II. Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

**III.    Discussion**

Stokes's motion seeks to compel production of (1) copies of any incident reports dated September 5, 2020 issued by Reihart; (2) a copy of the stenographic transcript arising from Stokes's November 15, 2021 deposition; (3) confiscated item receipts filed by Reihart on September 5, 2020; (4) copies of witness statements, investigative reports, or employee incident reports submitted in connection with Reihart's alleged entry into the cell on September 5, 2020; (5) any confiscated item receipts issued and submitted by Reihart from January 2016 to the present; (6) video evidence from September 5, 2020; (7) any inmate grievances filed against defendant Reihart for the unlawful or illegal entry into a cell from January 2015 through the present; and (8) any investigative reports, findings, or conclusions "demonstrating any administrative 'Inmates Separations' ordered and/or submitted against Defendant Reihart from January 2016 through the present date."  (Doc. 21).

With respect to Stokes's first, third, and fourth requests, Reihart indicated in her responses to the requests that no responsive documents existed.  (See Doc. 21 at 2, 6, 7).  With respect to the second request, Reihart responded that she did not have the authority to provide a copy of the deposition transcript and that the transcript could be obtained directly from the stenographer.  (See id. at 4).  With respect to the fifth, seventh, and eight requests, Reihart objected that inmates were not permitted to access records related to other inmates under Pennsylvania Department of Corrections policy.  (See id. at 8, 10, 12).  Finally, with respect to Stokes's sixth request, Reihart responded that the relevant video evidence could be viewed by making a request through the DOC in accordance with DOC policies.  (See id. at 9).

5

As noted above, Reihart has not filed a response to the motion to compel discovery, and she accordingly has not expanded on any of these assertions.

Based on Reihart's response to Stokes's requests for production, we find that Reihart has met her discovery obligations with respect to Stokes's first, third, and fourth requests. Reihart has represented that no documents responsive to those requests exist. (See id. at 2, 6, 7). Stokes asserts that Reihart would have been required to create documents that were responsive to the discovery requests, see id. at 3, but he does not provide any reasonable basis to doubt Reihart's representation that the responsive documents do not exist. We will therefore deny the motion to compel with respect to these requests.

Like our prior ruling in Breeden, however, we find that Stokes is entitled to partial discovery with respect to his fifth, seventh, and eighth requests. In those requests, Stokes seeks copies of "confiscated items receipts issued and submitted by defendant Reihart from January 2016 through the present date," copies of "inmates['] grievances filed against defendant Reihart for unlawful or illegal entries of inmate cells, and all confiscation of personal property, or items of inmates from January 2015 through the present date," and copies of any "Investigative Reports, findings or conclusions demonstrating any administrative 'Inmate Separations' ordered and/or submitted against defendant Reihart from January 2016 through the present date." (Doc. 21 at 7, 10-11). As with Breeden's request for production of "any and all grievance complaints filed against Reihart for unlawful entry of inmates' cells from January 2016 to the present," we find that these requested documents are plainly relevant to Stokes's claim that Reihart unlawfully entered his

6

cell. See Breeden, 2022 WL 493684, at *3. Reihart has objected to these requests on the basis that Stokes is not permitted to access records relating to other inmates, see Doc. 21 at 8, 10, 12, but, just as in Breeden, "she has not provided any factual or legal support for these objections." Breeden, 2022 WL 493684, at *3. Reihart "has therefore not provided a sufficient basis for withholding relevant discovery from [Stokes], as boilerplate objections unsupported by specific arguments are not sufficient for nonmoving parties to rebut the moving party's initial showing of relevance." Id. (citing Ceuric v. Tier One, LLC, 325 F.R.D. 558, 561 (W.D. Pa. 2018) and Justiano v. GVS Secure Solutions, Inc., 291 F.R.D. 80, 85 n.5 (D.N.J. 2013)). As in Breeden, however, we will limit the compelled production to relevant documents from the calendar years 2017 through 2020, as a production covering over 6 years of documents "is disproportionate to [Stokes's] claims and overly broad." Id.

The two remaining requests for production of documents are unrelated to the requests for production of documents that we analyzed in Breeden. First, Stokes seeks a copy of the transcript arising from his deposition on November 15, 2021. (Doc. 21 at 3). Reihart asserts in her response to the request that she does not have "the authority to provide deposition transcripts." (Id. at 4). Stokes argues in his motion that the case is analogous to Davis v. Pa. Dep't of Corrs., No. 1:16-CV-515, 2018 WL 2292755, at *3 (M.D. Pa. May 18, 2018), where the court required the defendants to provide the *pro se* plaintiff with copies of transcripts arising from depositions that the defendants had conducted. The court in Davis noted that "[a]s part of the inherent equitable powers of the district court in supervising discovery, a district court may, under some circumstances, exercise its discretion to order an

7

opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." Id. (quoting Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993). Given that the plaintiff in Davis was "merely seek[ing] a copy of stenographic transcripts of discovery proceedings conducted *by the defendants*, for which they have already paid stenographic fees," the court found plaintiff's request "not at all unreasonable," as "the usual practice is for 'the other side' to be given a copy of a deposition scheduled by the opponents, once it has been transcribed." Id. (emphasis in original) (internal quotation marks omitted) (citing Badman v. Stark, 139 F.R.D. 601, 606 (M.D. Pa. 1991)).

Stokes's citation of Davis is apt. Like the plaintiff in that case, Stokes requests transcripts only for depositions that the defendant has already conducted and for which the defendant has already paid fees. Given Reihart's failure to file a brief in opposition to Stokes's motion to compel discovery, she has not advanced any reasons why this case should be treated differently from Davis. Accordingly, we will grant Stokes's request and compel Reihart to provide him with a copy of the transcript arising from the November 15, 2021 deposition.

Finally, Stokes seeks "[a]ny and all copies of Institution's auto, video CCTV footage or surveillance coverage of the alleged incident of September 5, 2020 between the times of 4:30–5:00 p.m., in which defendant Reihart entered into the plaintiff's cell." (Doc. 21 at 9). Reihart responds that "[r]elevant video can be viewed by making a request through the Department of Corrections in accordance with DOC policies." (Id.) As with the other discovery requests at issue, Reihart has

8

not supported this response through the filing of an opposition brief or any other response to the motion to compel discovery.

We find Reihart's response inadequate to comply with her discovery obligations. The surveillance footage requested by Stokes is plainly relevant to his claims, but it is not clear from Reihart's response whether she is in possession of any of the footage or whether she or her counsel has communicated with the DOC to ensure that the relevant video evidence would be made available to plaintiff. Given this lack of clarity as well as the potential security concerns that could arise from prison surveillance footage being produced to an inmate, we will conditionally grant the motion to compel discovery with respect to this request and order Reihart to file an additional response. Reihart will be required to indicate whether relevant video footage exists, whether she is in possession of the footage, and whether she or her counsel has taken steps to ensure that the DOC will make the footage available to Stokes.

Finally, having concluded that Stokes's motion to compel discovery will be granted in part and denied in part, we will deny the pending motions for summary judgment without prejudice. See FED. R. CIV. P. 56(d) (stating that a court may, *inter alia*, deny a motion for summary judgment and allow additional time for discovery upon a finding that additional discovery is necessary). A revised case management schedule setting a new deadline for the filing of dispositive motions shall be included in the order accompanying this opinion.

## IV.    Conclusion

We will grant in part and deny in part Stokes's motion to compel discovery, order an additional response from Reihart with respect to Stokes's request for surveillance footage, and deny the pending motions for summary judgment without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 4, 2022