IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID STOKES,** | : | CIVIL ACTION NO. 1:21-CV-495 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SGT. REIHART,** | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, David Stokes, who was incarcerated in the State Correctional Institution at Huntingdon ("SCI-Huntingdon") at all relevant times, alleges that defendant, Jessica Reihart, a sergeant in the prison, violated his constitutional rights by taking legal documents from his cell. The parties have filed cross motions for summary judgment. Reihart's motion will be granted, and Stokes's motion will be denied.

### I.    Factual Background & Procedural History[1]

On September 5, 2020, Stokes was on his way to a meal in SCI-Huntingdon's mess hall when Reihart was observed by other inmates entering his cell. (Doc. 49 ¶¶

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 46-1, 47, 49, 58). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

4, 6; Doc. 58 ¶¶ 4, 6).  When Stokes returned to the cell, he noticed that several items were missing.  (Doc. 49 ¶ 8; Doc. 58 ¶ 8).  Surveillance footage shows Reihart entering the cell for approximately six seconds before exiting the cell and placing two bowls of food on the floor outside the cell.  (See Doc. 47-2 at 00:00:59-00:01:05).[2]

Stokes alleges in his complaint that Reihart took several legal documents from him when she was in the cell.  (Doc. 1 at 3).  The complaint asserts unspecified violations of Stokes's civil rights and requests damages and injunctive relief.  (Id. at 3-4).  Reihart is named as a defendant along with several supervisory officials employed by SCI-Huntingdon and the Pennsylvania Department of Corrections ("DOC").  (Id. at 1-4).  On April 12, 2021, the court dismissed all defendants other than Reihart and directed the Clerk of Court to serve Reihart.  (Doc. 10).  Reihart answered the complaint on May 28, 2021.  (Doc. 15).

The parties filed cross motions for summary judgment on February 24, 2022, and March 1, 2022.  (Docs. 25, 27).  Shortly after the motions were filed, however, the court granted in part plaintiff's motion to compel discovery and denied the motions for summary judgment without prejudice pending defendants' production of the relevant discovery materials.  (Docs. 39-40).  Following the close of fact discovery, the parties filed the instant cross motions for summary judgment on August 3, 2022, and September 1, 2022.  (Docs. 45, 48).  The motions are ripe for disposition.  (See Docs. 46, 50, 59).

---

[2] Reihart's counsel provided the relevant video footage to the court in DVD form.  The footage is cited by Reihart as an exhibit to her opposition to Stokes's motion and is cited on the court's electronic docket as Doc. No. 47-2.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

## III. Discussion

Stokes brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

3

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Stokes argues he is entitled to summary judgment because he has established that Reihart violated his First Amendment right of access to the courts. (Doc. 46 at 5-8). Reihart argues that Stokes fails to establish an access to courts claim and that video evidence shows that she did not take any documents from Stokes's cell. (Doc. 50 at 6-9). Reihart additionally argues that she is entitled to summary judgment to the extent the complaint attempts to raise claims under the Fourth, Eighth, or Fourteenth Amendments. (Id. at 9-11). Stokes does not address this argument in his opposition brief and again frames his complaint as solely based on the alleged denial of access to courts. (See Doc. 59).

We will grant Reihart's motion for summary judgment with respect to the access to courts claim because Stokes's complaint fails to state an access to courts claim upon which relief may be granted. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (noting that summary judgment may be granted on the basis of failure to state a claim upon which relief may be granted); accord Chavarriaga v. N.J. Dep't of Corrs., 806 F.3d 210, 223 n.8 (3d Cir. 2015).

Prima facie claims of denial of access to courts require allegations that (1) prison officials impeded plaintiff's access to courts and (2) plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022). To allege actual injury, the plaintiff must allege that he lost an opportunity to pursue a nonfrivolous or arguable underlying

4

claim and that there is no other available remedy for the lost claim. Rivera, 37 F.4th at 915 (citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)).

Stokes's complaint fails to state an access to courts claim upon which relief may be granted. The complaint does not allege any nonfrivolous or arguable legal claim he was unable to pursue in light of Reihart's actions, nor does it allege how Reihart's actions harmed such a claim. (See Doc. 1). The complaint alleges that Reihart confiscated "a few pages" of the transcript of Stokes's criminal trial, but it does not allege how missing these pages hindered his ability to pursue a legal claim. (See id. at 3). Indeed, the only indication that the complaint intends to assert an access to courts claim is Stokes's request for $100,000 in damages for, *inter alia*, "interference with court process." (Id.) At the summary judgment stage, this conclusory assertion is woefully insufficient to state an access to courts claim upon which relief may be granted. Reihart is accordingly entitled to summary judgment.

Moreover, Reihart would be entitled to summary judgment even if the complaint had stated an access to courts claim because Stokes has not produced any evidence to establish that he suffered an actual injury to his access to courts. Stokes asserts that Reihart's seizure of his legal documents deprived him of the "opportunity to pursue and/or make [a] challenge to his wrongful conviction and prevented him from presenting and pursuing his claim of actual innocence." (Doc. 59 at 4). Stokes contends that the "exculpatory evidence" that Reihart allegedly took was "the exact legal documents and/or materials intended or needed to pursue his claim of actual innocence." (Id.) Specifically, Stokes asserts that Reihart confiscated an exculpatory statement from a witness named Shannon Miller. (Id.)

Stokes's assertion that Reihart seized exculpatory evidence from his cell was not included in his complaint. The complaint asserts that Reihart interfered with Stokes's access to the courts by seizing "a few pages" of his trial transcript; it does not allege that any exculpatory evidence was seized. Stokes may not amend his complaint through allegations made in a summary judgment brief. See, e.g., Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008) (nonprecedential).[3] Hence, to proceed past the summary judgment stage, Stokes must produce evidence that the seizing of "a few pages" of his trial transcript hindered his access to the courts. Stokes has produced no such evidence and summary judgment in Reihart's favor is therefore warranted.

We will also grant Reihart summary judgment to the extent Stokes asserts any other constitutional claims. Reihart argues that she is entitled to summary judgment with respect to such claims and Stokes does not address this argument. (See Doc. 50 at 9-11; Doc. 59). Stokes has accordingly abandoned all claims other than his access to courts claim. See, e.g., Diodato v. Wells Fargo Ins. Servs., USA, Inc., 44 F. Supp. 3d 541, 556 (M.D. Pa. 2014) (Conner. C.J.) ("[A] non-movant's failure to offer any response to an opposing party's summary judgment arguments constitutes an abandonment of claims left undefended."). Having concluded that Reihart is entitled to summary judgment as to all of Stokes's claims, and for the

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

reasons set forth hereinabove, we also reject Stokes's motion for summary judgment.

## IV. Conclusion

We will grant Reihart's motion (Doc. 48) for summary judgment and deny Stokes's motion (Doc. 45) for summary judgment. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 8, 2023